AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Richard Fasanella ) | Case No.  3:23CR135 (AWT) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

 ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

 ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

 ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

 ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

 ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

 ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

 **OR**

 ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

 ☑ Weight of evidence against the defendant is strong
 ☑ Subject to lengthy period of incarceration if convicted
 ❏ Prior criminal history
 ❏ Participation in criminal activity while on probation, parole, or supervision
 ❏ History of violence or use of weapons
 ❏ History of alcohol or substance abuse
 ☑ Lack of stable employment
 ☑ Lack of stable residence
 ☑ Lack of financially responsible sureties

- ☑ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

After consideration of all the 3142(g) factors, the Court finds the government has established by a preponderance of the evidence that defendant poses a serious risk of flight and that there are no conditions/combination of conditions that would reasonably assure his appearance.  Accordingly, the government's motion for pretrial detention is granted and the defendant's bond motion is denied.  In summary, defendant has been indicted on a wide-ranging, sophisticated fraud and money laundering scheme that generated substantial proceeds, as to which the government's evidence appears strong.  He faces a lengthy period of incarceration if convicted.  For the past 18 years, defendant has resided in Venezuela.  His wife, a travel agent, and two children reside in Venezuela and have never been to the United States.  Venezuela is a non-extradition country.  While his elderly father resides in Connecticut, defendant's ties to Venezuela far outweigh his sole tie to Connecticut.  The government has proffered that co-conspirators remain at large and all bank accounts used by this defendant have not been identified.  In short, the defendant has strong incentives to flee and the potential means through which to accomplish flight.  On these facts, the Court finds that defendant poses a serious risk of flight.  Defendant has proposed four co-signers.  In evaluating co-signers, the Court must consider their financial viability and also their trustworthiness and credibility in being able to ensure that defendant does not  flee.  US v. Batista, 163 F. Supp. 2d 222, 224 (SDNY 2001); US v. Lair, 2007 WL 325776 at *4 (SDNY 2007).  The nature of this case requires a substantial bond and it is critical that defendant believe that his co-signers would be placed in significant financial peril if he fled so as to incentivize him to remain in this district.  On the present record, the Court cannot make such a finding and does not find the proposed co-signers satisfactory.  As to Thomas Tanase, while he had a low six figure income in 2022 and 2023, he is currently unemployed and there is no information about his current assets.  He is also being sued by his former employer.  He has apparently admitted to perjury in that litigation and faces the prospect of a significant monetary judgment.  Beyond the general assertion that proposed co-signer Brendan Hayes has worked in the restaurant industry for his whole life, there has been no financial information supplied from which the court can make any determination of financial responsibility.  As to both Tanase and Hayes, there is also little known about the extent of their relationship with defendant.  Nathan Schultz has proposed posting property in which he has $600,000 in equity to secure a bond.  It has come to the Court's attention that Mr. Schultz has a lengthy criminal history, which he did not disclose in his interview with probation, spanning 1998 to 2017, including multiple narcotics-related felonies, a felony assault first degree conviction, and numerous other convictions, including ones suggesting deceit such as a larceny first degree, tampering with a motor vehicle as well as a prior conviction for hindering prosecution.  Further, no financial information has been provided for the auto dealership he apparently runs.  Given the sheer scope of his criminal history, his trustworthiness and reliability is a suretor is suspect and it also raises in the Court's mind a duty to inquire as to whether his property proposed to secure bond is in any way tainted by connection to criminally-derived proceeds.  That leaves defendant's father who wishes to post $200,000 in equity in a commercial property.  This amount is insufficient under the circumstances of this case. The Court cannot ascertain whether forfeiture of this amount would subject defendant's father to financial peril since the father resides in a house with his current wife that was bought a year ago for $1,300,000 and little is known about the father's current means of support.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 10/16/2024    /s/ S. Dave Vatti

United States Magistrate Judge